FILED

2018 AUG 24 PM 2: 30

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| ) | |
| Plaintiff, ) | JUDGE BOYKO |
| ) | |
| v. ) | CASE NO. 1:18 CR 484 |
| ) | Title 18, Sections 666(a)(1)(B) |
| RUFUS TAYLOR, ) | and 1951(a), United States Code |
| ) | |
| Defendant. ) | |

## GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1. The City of Cleveland Demolition Bureau, a government organization as defined by Title 18, United States Code, Section 666(d)(2), received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and/or other form of Federal Assistance.

2. Defendant RUFUS TAYLOR was employed by the City of Cleveland as the Chief of the Demolition Bureau. Among other responsibilities, Defendant was responsible for assigning "board-ups" to contractors for vacant and abandoned properties within the City of Cleveland, as well as assigning emergency demolition jobs. Defendant was also responsible for conducting inspections, which had to be completed before a contractor could be paid for a demolition project.

## COUNT 1
(Bribery in Federally Funded Programs, in violation of 18 U.S.C. § 666(a)(1)(B))

The United States Attorney charges:

3. The allegations contained in paragraphs 1 and 2 are incorporated by reference as if stated fully herein.

4. In or around November 2013, Defendant and Contractor 1 met to discuss a demolition job on Parkwood Drive, Cleveland, Ohio ("Premises 1"). Defendant and Contractor 1 agreed that Contractor 1 would pay Defendant $8,000 cash, in exchange for Defendant putting Contractor 1 on the bid list for Premises 1.

5. In or around November 2013, Contractor 1 was invited to bid on Premises 1.

6. On or about November 11, 2013, Contractor 1 submitted a bid for Premises 1.

7. On or about November 12, 2013, Contractor 1 was awarded the demolition job for Premises 1.

8. On or about December 4, 2013, Contractor 1 gave Defendant approximately $3,000 in cash.

9. At various other times between November 2013 and November 2015, Contractor 1 gave Defendant an additional $5,000 in cash.

10. In or around October 2015, Defendant notified Contractor 1 about an emergency demolition job on East 123rd Street and Coltman Road, Cleveland, Ohio ("Premises 2"). Defendant instructed Contractor 1 to contact the City of Cleveland so that Contractor 1 could be placed on the bid list for Premises 2. Defendant asked Contractor 1 for $12,000 in exchange for notifying Contractor 1 about the emergency demolition job.

11. In or around October 2015, Contractor 1 was awarded abatement work for Premises 2, but Contractor 1 never paid Defendant the $12,000.

12. From on or about November 7, 2013 through on or about September 1, 2017, in the Northern District of Ohio, Eastern Division, Defendant, a public official, otherwise than as provided by law for the proper discharge of official duties, did corruptly solicit, demand, accept, and agree to receive and accept something of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions involving the City of Cleveland Demolition Bureau involving $5,000 or more, to wit: getting Contractor 1 on the bid list with the City of Cleveland for a demolition job at Premises 1 and notifying and instructing Contractor 1 to bid on the emergency work for Premises 2, in exchange for cash payments.

In violation of Title 18, United States Code, Section 666(a)(1)(B).

Count 2
(Extortion under Color of Official Right, in violation of 18 U.S.C. § 1951(a))

The United States Attorney further charges:

13. The allegations in paragraphs 1 and 2 are incorporated by reference as if fully stated herein.

14. On or about August 20, 2015, Defendant provided Contractor 2 with the bid numbers for a pending demolition job on Cedar Avenue, Cleveland, Ohio ("Premises 3"). Using this information, Contractor 2 submitted the lowest bid for the demolition job for Premises 3.

15. On or about August 20, 2015, the City of Cleveland awarded Contractor 2 the demolition job for Premises 3.

16. On or about October 26, 2015, Contractor 2 paid Defendant approximately $5,000 cash in exchange for Defendant having provided Contractor 2 with the bid numbers for Premises 3.

17. On or about May 7, 2016, Defendant provided Contractor 2 the names of companies bidding on a demolition job on East 130th Street, Cleveland, Ohio ("Premises 4").

18. Defendant also instructed Contractor 2 to wait until almost 3:00 p.m. on or about May 10, 2016, the final day the City of Cleveland accepted bids for the demolition job at Premises 4, to place Contractor 2's bid.

19. On or about May 10, 2016, at approximately 2:29 p.m., Defendant called Contractor 2 and informed Contractor 2 of the then-current lowest bid for the demolition job at Premises 4.

20. On or about May 25, 2016, Contractor 2 gave Defendant approximately $500 cash.

21. On or about July 21, 2016, Defendant contacted Contractor 2 and stated that he needed some "stacks."

22. On or about July 21, 2016, Contractor 2 gave Defendant approximately $300 cash.

23. From on or about August 1, 2015, and continuing through on or about July 21, 2016, in the Northern District of Ohio, Eastern Division, Defendant did knowingly obstruct, delay, and affect in any way commerce and the movement of articles and commodities in commerce by extortion, as those are defined in Title 18, United States Code, Section 1951(a); to wit, Defendant obtained property not due to him or his office, from Contractor 2, with Contractor 2's consent, namely, $5,800 in cash and other things of value, under color of official right.

In violation of Title 18, United States Code, Section 1951(a).

JUSTIN E. HERDMAN
United States Attorney

By: *[signature]*
BRIDGET M. BRENNAN
Chief, Criminal Division